IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REC'D MAR 2 0 2026

| | |
|---|---|
| **JAMEL HAWKINS,**<br>Plaintiff,<br>vs.<br>**PENNSYLVANIA AMERICAN WATER COMPANY, AND PAUL HOFFMAN,**<br>Defendant | **CIVIL ACTION NO.**<br><br>**HAWKINS V. PAAW** |

**I. JURISDICTION AND VENUE**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.
2. Jurisdiction is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.
3. Venue is proper in this District under 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred within this District.
4. Plaintiff has exhausted all administrative remedies. The Equal Employment Opportunity Commission (EEOC) issued a Notice of Right to Sue for Charge No. 530-2025-06784 on December 30, 2025. This action is timely filed within the 90-day statutory period.

**II. FACTUAL ALLEGATIONS**

5. May 14, 2025 (Protected Activity): Plaintiff engaged in protected activity by filing Hazard ID 2498, reporting a severe life-safety violation regarding a non-compliant Ford F350 and violations of 75 Pa. C.S.A. § 3316.1 (Paul Miller's Law).
6. May 28–29, 2025 (The Admission): Plaintiff reported retaliatory harassment to Defendant Paul Hoffman on May 28. On May 29, 2025, at 2:08 PM, Defendant Hoffman sent an internal email admitting that "with the change in PA law," the company was required to provide mobile mounts for GPS use. This confirms that Plaintiff's safety stand was legally grounded.

7. June 2, 2025 (The Adverse Action): Five days after Plaintiff reported retaliatory harassment to Hoffman, Defendants placed Plaintiff on "non-disciplinary leave."

8. June 4, 2025 (Independent Corroboration): The F350 vehicle failed in transit as Plaintiff had warned, resulting in Hazard ID 2906 filed by operator AJ Perry. This corroborates that Plaintiff's safety report was objectively accurate and that Defendants acted with reckless indifference to public safety.

9. The Pretextual Investigation: Immediately following Plaintiff's protected reports, Defendants initiated a pretextual "performance" investigation regarding hydrant inspections. Defendants weaponized this investigation by evaluating Plaintiff against training modules and Standard Operating Procedures that were never provided, while deliberately ignoring available GPS and vehicle telemetrics that directly contradicted management's fabricated narrative.

10. The Seniority Lockout: Defendants implemented a systemic lockout of Plaintiff's internal bidding credentials during this leave. During this lockout, a Floating Operator position was posted. Plaintiff, the senior-most qualified bidder, was maliciously prevented from bidding to facilitate the bypass of his contractual seniority.

11. June 12, 2025 (The Promotion Paradox): While Plaintiff was on leave for an alleged ethics investigation regarding "dishonesty" occurring between May 2 and June 2, Defendant PAWC officially promoted Plaintiff to Floating Operator. This promotion constitutes an objective admission of technical competency and professional trust, contradicting the subsequent termination for "dishonesty."

12. July 14, 2025 (The Grievance Default): Plaintiff prevailed in a union grievance regarding the aforementioned bidding lockout. PAAW paid 57 days of retroactive pay, constituting an objective admission of the improper lockout and management's bad-faith interference with Plaintiff's contractual rights.

13. July 29, 2025 (The Retaliatory Termination): Senior Manager Justin Brame issued a termination letter alleging "dishonesty" regarding hydrant flushing. Defendant Paul Hoffman authorized this termination based entirely on the pretextual investigation.

14. Investigatory Fraud: In the termination letter, Defendants dismissed Plaintiff's objective Google GPS data as "editable" and "unverifiable," while simultaneously relying on unverified, metadata-stripped photographs to justify the discharge.

15. The "Cat's Paw" Liability: While the termination was signed by Brame, the decision was the direct result of a biased, retaliatory investigation led by Mark Tatum and Nader Oweis, and authorized by Paul Hoffman. Hoffman acted with "malice and reckless indifference" by ratifying a termination he knew was a retaliatory response to Plaintiff's protected whistleblowing.

III. COUNT I: RETALIATION (TITLE VII) - Against PAWC

16. Plaintiff incorporates the preceding paragraphs by reference.
17. Plaintiff engaged in protected activity by filing safety reports and opposing unlawful employment practices, including race-based seniority bypass.
18. Defendant PAWC took materially adverse actions including the implementation of a systemic bidding lockout, the denial of promotions, and the ultimate termination of employment.
19. A direct causal link exists between the protected activity and the adverse actions, evidenced by the extreme temporal proximity and the demonstrable pretext of the "hydrant investigation."

IV. COUNT II: INTENTIONAL DISCRIMINATION & RETALIATION (42 U.S.C. § 1981) - Against PAWC and Paul Hoffman

20. Plaintiff incorporates the preceding paragraphs by reference.
21. Section 1981 prohibits racial discrimination and retaliation in the making, performance, and enforcement of contracts.
22. Comparator Evidence: A Black employee, Jules Crommarty, participated in the same hydrant inspections with Mr. Hawkings. Unlike Plaintiff, Mr. Crommarty had not engaged in "Protected Activity" (Safety reporting/Seniority grievances). Mr. Crommarty who was also placed on an "administrative leave" faced zero additional disciplinary action and was awarded a $3,200 settlement when returned back to work.
23. The distinction in treatment proves that Plaintiff's race and his protected opposition to discrimination were the "but-for" causes of his termination. Had he not been 'the black man standing up for his rights' he would not have been targeted and eventually terminated.
24. Defendant Paul Hoffman is personally liable under § 1981, as he intentionally authorized this disparate treatment and termination with full knowledge of the "Promotion Paradox," the exculpatory GPS evidence, and the lack of requisite training.

**25.** Punitive damages are warranted as Defendants acted with malice and reckless indifference to Plaintiff's federally protected civil rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants for: A. Back pay and front pay in the gross amount of $166,662.06; B. Compensatory damages for emotional distress and loss of reputation; C. Punitive damages as allowed under 42 U.S.C. § 1981; D. Costs of this action and any further relief the Court deems just and proper.

Respectfully submitted,

Jamel Hawkins, Pro Se 3900 City Ave AptW604

Philadelphia, PA 19131

215-808-7516

June8618@gmail.com

Date: March 20, 2026

Pro-Se Name

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**JAMEL HAWKINS, Plaintiff,**

**v.**

**PENNSYLVANIA AMERICAN WATER COMPANY, and PAUL HOFFMAN, Defendants.**

**CIVIL ACTION NO.:** ________________

**VERIFICATION**

I, **Jamel Hawkins**, the Plaintiff in the above-captioned matter, hereby declare and verify under penalty of perjury, pursuant to **28 U.S.C. § 1746**, that the following statements are true and correct:

1. I am the Plaintiff in this action and I am competent to testify to the matters set forth herein.
2. I have read the foregoing **Complaint for Damages and Injunctive Relief** and know the contents thereof.
3. The factual allegations contained in the Complaint are true and correct to the best of my own personal knowledge, information, and belief.
4. I understand that any false statements made herein are subject to the penalties of perjury under the laws of the United States of America.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on this _______ day of March, 2026.

_________________________

**Jamel Hawkins, Pro Se** 3900 City Ave Apt W604

Philadelphia, PA 19131

215-808-7516

June8618@gmail.com

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jamel Hawkins

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jamel Hawkins (Pro se), 3900 City Ave Apt W604, Philadelphia PA 19131
215 808 7516

## DEFENDANTS

Pennsylvania American Water Company and Paul Hoffman

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 2000e et seq. (Title VII) and 42 USC 1981

Brief description of cause:
Employment discrimination and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 166,662.06

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ____________ DOCKET NUMBER ____________

DATE: 03/20/2026

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______